STATE of Minnesota, Respondent,

v.

Norman Junior HOWARD, Appellant.

No. 50210.

Supreme Court of Minnesota.

May 23, 1980.

Daniel R. Shulman, Minneapolis Branch NAACP Legal Redress Committee, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, David W. Larson, and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(d) (1978) (using a dangerous weapon to cause a person to submit to sexual penetration), and was sentenced by the trial court to a maximum prison term of 20 years. On this appeal from judgment of conviction defendant contends (1) that the identification procedures used were unfair, (2) that the identification evidence was legally insufficient, (3) that the prosecutor committed misconduct in eliciting testimony that a knife was seized from defendant when he was arrested and the trial court erred in refusing a mistrial on this ground, (4) that the trial court erred in refusing to admit certain evidence which the court deemed to be cumulative, and (5) that the prosecutor committed prejudicial misconduct in her closing argument. We affirm.

1–2. The crime of which defendant was convicted was the armed sexual assault of a manager of an apartment building. The victim looked through hundreds of photographs but did not identify anyone. However, approximately a month after the assault she saw defendant getting off a bus in the general area of the assault and immediately recognized him as her assailant. Police, using a sketch the victim had originally drawn of her assailant, were able to locate defendant in an apartment near the bus stop and the victim selected defendant's picture from a number of pictures shown her. While the police may have improperly told the victim that they felt they had found the man who assaulted her, it is clear to us that the photographic identification procedures used did not create a "very substantial likelihood of irreparable misidentification" and therefore the trial court did not err in admitting the eyewitness identification testimony. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). That identification testimony, along with other evidence strongly connecting defendant to the crime, was sufficient to sustain the verdict.

3. Defendant's contention that the prosecutor committed misconduct in eliciting testimony that a jackknife was seized from him when he was arrested is based on the fact that the prosecutor admitted that the knife was not the one used in the attack. While the evidence may have been inadmissible, the prosecutor did not commit misconduct in eliciting it. In fact, the prosecutor made it clear before trial that she wanted to elicit the evidence and her questions leading up to the question eliciting the evidence should have put defendant on notice that she was about to elicit the evidence. Even though he should have known that the evidence was about to be elicited, defense counsel delayed objecting until afterward. At that point defense counsel sought a mistrial, which the trial court refused. We hold that the trial court did not err in denying a mistrial. The jury was informed that this knife was not the knife used in the assault, and the other evidence of defendant's guilt makes it unlikely that the evidence played a substantial role in influencing the jury to convict. Therefore

we hold that the error, if any, was harmless.

 4. Defendant's next contention, that the trial court erred in refusing to admit certain evidence deemed cumulative, relates to the trial court's refusal to permit defense counsel to call additional witnesses to testify that defendant's appearance at trial was unchanged from his appearance at the time of the offense. Minn.R.Evid. 403 gives the trial court discretion to exclude relevant evidence on account of considerations such as needless presentation of cumulative evidence. For full discussion, see 2 D. Louisell & C. Mueller, *Federal Evidence* § 128 (1978). While the trial court in a criminal case should be extremely careful in excluding relevant evidence simply on the ground that it is cumulative, we hold that in this case the trial court did not abuse its discretion in excluding the proposed testimony on this ground. The proposed additional witnesses were not yet identified, and the fact to which they would have testified, the length of defendant's hair at the time of the incident, was illustrated by numerous photographs admitted into evidence, as well as in the direct testimony of other witnesses.

 5. Defendant's final contention is that the prosecutor committed prejudicial misconduct in her closing argument. The answer to this is that defense counsel did not object to any of the statements which defendant now contends were improper. Accordingly, defendant is deemed to have forfeited his right to have this court consider this contention on appeal.

Affirmed.